UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE MORALES SANCHEZ | No. 1:25-cv-01811-TLN-CSK |
| Petitioner, | |
| v. | **ORDER** |
| WARDEN OF THE GOLDEN STATE ANNEX, et al., | |
| Respondents. | |

Petitioner Enrique Morales Sanchez ("Petitioner"), an immigration detainee who is representing himself, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based on the facts surrounding Petitioner's detention, the Court provisionally authorizes Petitioner to proceed in forma pauperis without prepayment of the filing fee in this action. *See* 28 U.S.C. § 1914.

In light of the complexity of the legal issues involved, the Court has determined that the interests of justice require the appointment of counsel for Petitioner. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Within three days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, via email at mkrueger@caed.uscourts.gov, who shall update the docket to reflect counsel's appointment. If counsel is not a member of the Eastern

1

District of California Criminal Justice Act ("CJA") Panel, the Court hereby authorizes them to serve as CJA counsel for Petitioner for the duration of the proceedings in this Court pursuant to Local Rule 180(b)(1).

Based on the substance of Petitioner's brief and the relief requested therein, the Court construes Petitioner's pleading as a motion for a temporary restraining order. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (stating that pleadings by pro se litigants must be held to less stringent standards than formal pleadings drafted by lawyers.)

Respondents shall file any opposition to Petitioner's Motion for Temporary Restraining Order by December 16, 2025. Any opposition shall provide the Court with copies of all referenced/relevant portions of Petitioner's A-File and any and all available records related to Petitioner's allegations. Petitioner may file a reply by December 18, 2025. The parties shall indicate in their briefing whether they are amenable to converting the motion for temporary restraining order into a motion for preliminary injunction and whether they waive hearing.

Pending the Court's ruling on Petitioner's motion, Respondents shall not take any action to transfer Petitioner out of this District. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966) (acknowledging the Court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

In accordance with the above, IT IS HEREBY ORDERED that:

1. Petitioner is provisionally authorized to proceed in forma pauperis without prepayment of the filing fee in this action, subject to Petitioner filing an application to proceed in forma pauperis by February 13, 2026. The Clerk of the Court is directed to serve Petitioner with an application to proceed in forma pauperis;

2. Within three days from the date of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to Michele Krueger, Courtroom Deputy for Chief Judge Troy Nunley, who shall update the docket to reflect counsel's appointment;

3. The Clerk of the Court shall serve a copy of this order on the Federal Defender, Attention: Habeas Appointment, along with a copy of the § 2241 petition;

      4. The Clerk of the Court shall serve a copy of this order together with a copy of Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney;

      5. Respondents shall file any opposition by December 16, 2025. Any opposition shall provide the Court with copies of all referenced/relevant portions of Petitioner's A-File and any and all available records related to Petitioner's allegations;

      6. Petitioner may file a reply, if any, by December 18, 2025.

      7. In order to ensure this Court's jurisdiction to resolve the pending § 2241 petition, Respondents shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the Court.

      8. The Clerk of Court is directed to amend Respondent "Warden" to Respondent "Warden of the Golden State Annex".

      IT IS SO ORDERED.

Date: December 12, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE