UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENRIQUE M. S.,

      Petitioner,

      v.

TONYA ANDREWS, in official capacity as the Facility Administrator of Golden State Annex, et al.,

      Respondents.[1]

No. 1:25-cv-01811-TLN-CSK

**ORDER**

On December 19, 2025, the Court granted Petitioner's Motion for a Temporary Restraining Order[2] ("TRO") and ordered Respondents to show cause by December 29, 2025 why

---

[1] In a footnote, Respondents seek to "strike and dismiss all unlawfully named officials under § 2242." (ECF No. 9 at 1 n.1.)  The request, as made, is improper.  If Respondents seek to dismiss individuals from this action, they must do so in a properly noticed motion.  *See Ortega v. Kaiser*, No. 25-CV-05259-JST, 2025 WL 2243616, at *4 (N.D. Cal. Aug. 6, 2025) ("[A] request for court order must be made by motion. As a result, a request for affirmative relief is not proper when raised for the first time in an opposition.").

[2] Petitioner originally filed a pro se Petition for Writ of Habeas Corpus.  (ECF No. 1.)  Based on the substance of the petition and the relief requested therein, the Court liberally construed the petition as a motion for a TRO.  (ECF No. 3); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

this Court should not issue a preliminary injunction on the same terms.[3]  (ECF No. 8.)  On December 29, 2025, Respondents filed a response.  (ECF No. 9.)  On December 30, 2025, Petitioner filed a reply.[4]  (ECF No. 12-1.)  For the reasons set forth below, the Court issues a preliminary injunction.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner alleges he was born at the home of his great aunt in El Cajon, California.  (ECF No. 6-1 at 8.)  According to Petitioner, he went to Mexico with his mother and grandmother when he was two months old, attended kindergarten in Mexico, and returned to the United States to start first grade in El Cajon.  (*Id.* at 16.)

On December 27, 2004, the Department of Homeland Security ("DHS") issued a Notice to Appear commencing removal proceedings against Petitioner.  (*Id.* at 8.)  Petitioner contested removability and claimed he was a United States citizen.  (*Id.*)  In August 2005, an immigration judge terminated removal proceedings against Petitioner, finding there was reason to believe that Petitioner was born in El Cajon, California.  (*Id.* at 9.)

In August 2017, DHS filed a motion to reopen Petitioner's removal proceedings and attached a Mexican birth record bearing Petitioner's name.  (ECF No. 6 at 4.)  Following a hearing on December 10, 2021, an immigration judge sustained the charge of removability.  (ECF No. 6-1 at 11.)  On February 11, 2022, Petitioner filed a motion to terminate proceedings alleging that he is a United States citizen.  (*Id.* at 12.)  On August 24, 2022, Petitioner's motion to terminate proceedings was denied and Petitioner was ordered removed from the United States to Mexico.  (*Id.* at 22.)

Petitioner appealed the immigration judge's removal order and denial of his motion to terminate proceedings.  (ECF No. 6 at 4.)  On February 24, 2025, the Board of Immigration

---

[3]   On January 3, 2026, the Court extended the TRO through January 16, 2026 to maintain the status quo while it considered the parties' arguments.  (ECF No. 13.)

[4]   On December 20, 2025, Petitioner filed a motion to file a reply to Respondents' opposition.  (ECF No. 12.)  Finding good cause, the Court GRANTS Petitioner's motion.  *See Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (holding that the court retains the discretion to consider additional materials presented by the parties).

Appeals dismissed the appeal.  (*Id.*)  On March 6, 2025, Petitioner filed a petition for review in the Ninth Circuit.  (*Id.*)  The Ninth Circuit stayed the finality of Petitioner's removal pending a decision on his petition for review.[5]  *See Sanchez Morales v. Bondi*, 25-1429, Dkt. Entry 3.  The petition is still pending before the Ninth Circuit.  *See id.*  On August 12, 2025, DHS detained Petitioner.  (ECF No. 6 at 4.)

On December 19, 2025, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") releasing Petitioner and ordered Respondents to show cause why this Court should not issue a preliminary injunction on the same terms.  (ECF No. 8.)

## II.  STANDARD OF LAW

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  For a preliminary injunction to issue, a petitioner must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest."  *Winter*, 555 U.S. at 20.  Petitioner must "make a showing on all four prongs" of the *Winter* test.  *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).  However, the Court may weigh a petitioner's showing on each of the *Winter* factors using a sliding-scale approach.  *Id.*  A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where there are serious questions on the merits "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *Id.*  Simply put, if "serious questions going to the merits were raised [then] the balance of hardships [must] tip[ ] sharply" in petitioner's favor in order to obtain preliminary

---

[5]  Respondents contend the Court made a clearly erroneous factual finding in its TRO — that there was no final order of removal prior to Petitioner's detention.  (ECF No. 9 at 1.) Respondents' conclusory contention is devoid of any citation to the alleged factual finding, and the Court did not make such a finding.  Instead, the Court noted the Ninth Circuit stayed finality of the removal order.  To the extent Respondents object to the Court's phrasing, the upshot is the same: Respondents may not execute the order of removal for Petitioner because the Ninth Circuit's stay prevents it.  Indeed, and despite their contention, Respondents concede "the [Ninth Circuit] docketing notice states that a stay of removal is in effect."  (*Id.* at 4.)

injunctive relief.  *Id.* at 1134–35.

**III.   ANALYSIS**

Respondents contend this Court lacks jurisdiction to order relief.  (ECF No. 9 at 5.)  In addition, Respondents argue Petitioner is not likely to prevail on his claims, Petitioner cannot establish irreparable harm, and the balance of equities and the public interest favor Respondents. (*Id.* at 8–12.)  The Court first addresses Respondents' threshold argument, followed by a discussion of each of the *Winter* elements.[6]

A.   Jurisdiction

Respondents contend this Court does not have jurisdiction to order relief on Petitioner's claims because Petitioner filed his habeas petition after entry of a final order of removal against him.[7]  (ECF No. 9 at 5 (citing *Iasu v. Smith*, 511 F. 3d 881, 885 (9th Cir. 2007)).)  In opposition, Petitioner argues Respondents' contention is incorrect and *Iasu* is distinguishable for two reasons: Unlike in *Iasu*, (1) Petitioner was previously adjudicated a citizen by both an immigration judge as well as the San Diego Superior Court and has maintained he is a citizen throughout his removal proceedings and in his pending petition for review and (2) Petitioner's habeas petition only challenges his detention — not his removability — as he awaits a Ninth Circuit ruling on his petition for review.  (ECF No. 12-1 at 2.)

In *Iasu*, the petitioner, a lawful permanent resident and native of Eritrea, faced removal proceedings after he was convicted of an aggravated felony.  *Iasu*, 511 F. 3d at 885.  The petitioner contended he was a naturalized U.S. citizen, having completed the necessary steps for

---

[6]   Because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court incorporates its reasoning from the TRO, does not duplicate its analysis here, and only addresses new arguments raised by the parties.

[7]   Respondents also argue *Flores-Torres v. Mukasey*, 548 F. 3d 708, 711 (9th Cir. 2008) is factually inapplicable because it only applies to habeas challenges to detention before a final order of removal is filed.  Confusingly, Respondents make this argument despite the fact that Respondents cited to *Flores-Torres* in their response to Petitioner's habeas petition (ECF No. 6 at 5) and Petitioner has not argued *Flores-Torres* is not factually applicable (ECF No. 12-1 at 2). Rather, Petitioner cites to *Flores-Torres* for the proposition that the Due Process rights of detainees who may be U.S. citizens must be protected.  As such, the Court disregards Respondents' argument.

naturalization, including passing a citizenship test and signing an oath of allegiance. *Id.* Petitioner, however, failed to attend the required public citizenship ceremony due to his arrest and subsequent conviction for armed assault. *Id.* During removal proceedings, the petitioner did not assert his U.S. citizenship as a defense and waived his right to appeal the immigration judge's final order of removal. *Id.* He later filed a habeas corpus petition challenging his removal, which was dismissed by the district court for lack of jurisdiction. *Id.* The Ninth Circuit affirmed the district court's dismissal of the petition because the court lacked jurisdiction to address the merits of his citizenship claim due to the procedural posture of the case. *Id.* at 891. The Court noted, however, that the petitioner still had the possibility of filing a motion to reopen at the administrative level to assert his citizenship claim. *Id.* at 892.

The Court finds *Iasu* distinguishable and of little value here. This Court is not reviewing Petitioner's removal order nor his claim of U.S. citizenship. This Court is merely exercising limited jurisdiction over the constitutionality of Petitioner's detention. As previously stated by this Court, federal district courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States" under 28 U.S.C. § 1331. Second, as Petitioner notes, Petitioner has maintained he is a U.S. citizen throughout his removal proceedings and in his pending petition for review. (ECF No. 12-1 at 2.) Due to Petitioner's pending petition for review, the Ninth Circuit stayed Petitioner's removal. *See Sanchez Morales v. Bondi*, 25-1429, Dkt. Entry 3. Accordingly, and unlike the petitioner in *Iasu*, Petitioner is taking the necessary steps to have his citizenship claim adjudicated. As such, the Court has jurisdiction to hear Petitioner's constitutional claims pertaining to his detention.

Having jurisdiction to hear Petitioner's claims, the Court considers any new arguments raised by Respondent to each of the *Winter* elements.[8]

///

///

---

[8] Respondents contend Petitioner cannot establish irreparable harm because Petitioner is unlikely to succeed on the merits of his petition. (ECF No. 9.) Because the Court has already found otherwise and Respondents do not make additional arguments, the Court declines to revisit its findings on irreparable harm as set out in the TRO. (ECF No. 8.)

B.      Winter Elements

i.       *Likelihood of Success on the Merits*

Respondents argue that Petitioner cannot argue his detention, even if lengthy, is improper under 8 U.S.C.§ 1231(a) ("§ 1231(a)").[9]  (ECF No. 9 at 9; ECF No. 9-1 at 4.)  Under § 1231(a), a noncitizen ordered removed may be detained for the purpose of effectuating their removal.  However, as Petitioner points out, the statutory provision does not become operative in Petitioner's case until the Ninth Circuit decides the petition for review.  (ECF No. 12-1 at 3 (citing 8 U.S.C. § 1231(a)(1)(B)(ii) (stating that if a removal order is being judicially reviewed and the court orders a stay of the removal of the noncitizen, the removal period begins on the date of the court's final order)).)  Thus, contrary to Respondents' arguments, the Court finds Petitioner can argue — and is likely to prevail on his argument — that his detention under § 1231(a) is unlawful.  *See Prieto-Romero v. Clark*, 534 F. 3d 1053, 1057–59 (9th Cir. 2008) ("§ 1231(a) does not provide authority to detain [a noncitizen] whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review.")

///

_____

[9]      Respondents make several other arguments that do not warrant lengthy discussion.  (ECF No. 9 at 8–11.)  First, Respondents argue Petitioner is unlikely to prevail on his citizenship claim.  (*Id.* at 8.)  As previously noted, the claim before this Court is whether Petitioner's detention is constitutional — not whether he is a citizen.  Thus, the Court does not consider whether Petitioner is likely to prevail on his citizenship claim.  Second, Respondents argue Petitioner's detention is presumptively reasonable under *Zadvydas v. Davis*.  (*Id.* at 8.)  However, as discussed above, § 1231 does not currently govern Petitioner's detention, therefore, the *Zadvydas* presumption (which the Court also notes can be rebutted) does not apply.  533 U.S. 678, 682 (2001) (considering prolonged detention under § 1231).  Moreover, absent a determination on Petitioner's citizenship claim, he is likely to succeed on his claim that any amount of time in detention is unconstitutional.  Finally, Respondents argue Petitioner did not request "unconditional release" or restraint on his re-detention as granted by the Court's TRO.  (*Id.* at 10.)  However, Petitioner's prayer for relief states: "Petitioner respectfully requests that this Court: . . . order Petitioner's release (with appropriate conditions of supervision if necessary) . . . [and] [g]rant such further relief as the court finds just and proper."  (ECF No. 1 at 17.)  This Court ordered relief which would return Petitioner to the last uncontested status which preceded the pending controversy.  *See Yang v. Kaiser*, No. 2:25-cv-02205-DAD-AC, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025).  Additionally, the Court ordered relief to prevent further constitutional violations and irreparable harm.  Thus, the Court's relief was both responsive to Petitioner's prayer and within its discretion.

*ii.      Balance of Equities and Public Interest*

As to the final two *Winter* factors, "[w]hen the government is a party, the analysis of the balance of the hardships and the public interest merge." *Nat'l Urban League v. Ross*, 484 F. Supp. 3d 802, 807 (N.D. Cal. 2020) (citing *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014)).

As discussed above and in the Court's TRO, Petitioner has raised serious questions regarding the merits of his petition.  While the question of Petitioner's citizenship is before the Ninth Circuit, Respondents' basis for detaining Petitioner does not apply and their interest in doing so, is low.  Further, if Petitioner is a citizen, the government has no authority under the Immigration Nationality Act to detain him, as well as no interest in doing so, and his detention would be unlawful under the Constitution and under the Non–Detention Act, 18 U.S.C. § 4001. *See Mukasey*, 548 F.3d at 712 (noting the same).

Thus, the balance of equities and public interest tip sharply in his favor.  First, the public has a clear interest in ensuring its government does not unlawfully detain United States citizens. Second, as set forth above, Petitioner is married, has a twelve-year-old son and serves as a Deacon at the Make it Plain Bible Church in Spring Valley.  Finally, Respondents' argument that Petitioner poses a danger to society rings hollow when Immigration and Customs Enforcement waited six months to detain him after they believed they had authority to do so.

Given the factual record before it, the Court finds the balance of equities and public interest factors weigh in Petitioner's favor.

**IV.    CONCLUSION**

In accordance with the above, the Court issues a preliminary injunction.  Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner pending a determination on his citizenship claim and until his removability has been fully adjudicated. Pursuant to Local Rule 302, this matter is hereby REFERRED to the assigned Magistrate Judge for further proceedings.

//

//

7

IT IS SO ORDERED.

Date: January 16, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE