UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE M. S. (A-077-763-930),<br><br>Petitioner,<br><br>v.<br><br>TONYA ANDREWS, in official capacity as the Facility Administrator of Golden State Annex, et al.,<br><br>Respondents. | Case No. 1:25-cv-1811 TLN CSK<br><br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Enrique M. S. (A-077-763-930) filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his re-detention by U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) In his sole claim for relief, petitioner argues that his re-detention without a hearing and his continued detention violates his due process rights under the Fifth Amendment. (Id. at 16-17.) For the following reasons, this Court recommends that the petition be granted.

I.     LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure

1

release from illegal custody." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." <u>I.N.S. v. St. Cyr</u>, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. <u>See</u> <u>Zadvydas v. Davis</u>, 533 U.S. 678, 687 (2001).

## II. DISCUSSION[1]

On December 11, 2025, petitioner filed his habeas petition, which the district judge construed as including a motion for a temporary restraining order. (ECF Nos. 1 (Petition), 8 (Order) at 1 n.3.) On December 16, 2025, respondents filed a motion to dismiss, and on December 18, 2025, petitioner filed a reply. (ECF Nos. 6, 7.) On December 19, 2025, the district judge granted petitioner's motion for a temporary restraining order, concluding petitioner was likely to succeed on the merits of his claim that his August 2025 re-detention violated his due process rights because respondents failed to show any justification for why petitioner, "an alleged United States citizen, should be detained during the pendency of his petition for review." (ECF No. 8 at 4-5 (citing <u>Flores-Torres v. Mukasey</u>, 548 F. 3d 708, 712 (9th Cir. 2008) (finding a similar claim that detainee was a United States citizen and unlawfully detained "non-frivolous on its face")).) The district judge reinforced that "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception," and found respondents failed to show such an exception exists. (ECF No. 8 at 5 (quoting <u>United States v. Salerno</u>, 481 U.S. 739, 755 (1987), and citing <u>Zadvydas v. Davis</u>, 533 U.S. 678, 690, 692 (2001)).) Further, the district judge found that all remaining <u>Winter</u> factors weighed in favor of granting relief. (ECF No. 8 at 5-7 citing <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008).) Respondents were ordered to immediately release petitioner, and enjoined and restrained from re-arresting or re-detaining petitioner pending a determination on his citizenship claim and until his removability has been

---

[1] The factual and procedural background previously presented in the district judge's January 16, 2026 order is incorporated herein. (<u>See</u> ECF No. 14 at 2-3.)

2

fully adjudicated.  (Id. at 7.)  The district judge also directed respondents to show cause why the district court should not issue a preliminary injunction continuing this order.  (Id.)

In response to the order to show cause, respondents argued that this court lacked jurisdiction to order relief, and that petitioner was not likely to prevail on his claims, cannot establish irreparable harm, and the balance of equities and the public interest favor respondents.  (ECF No. 9.)  In his reply, petitioner argued, among other things, that the court has jurisdiction to address petitioner's detention, that petitioner has a liberty interest in his freedom, and that all of the Winter factors weigh in favor of petitioner's motion.  (ECF No. 12-1 at 1-5.)

In his January 16, 2026 order, the district judge found the court was exercising limited jurisdiction over the constitutionality of petitioner's detention, not reviewing petitioner's removal order or his claim of U.S. citizenship.  (ECF No. 14 at 5.)  The district judge then reviewed respondents' new arguments raised in connection with the Winter factors, again finding that petitioner is likely to succeed on the merits of his claims because petitioner's detention under 8 U.S.C. § 1231(a) is unlawful due to the Ninth Circuit stay of petitioner's removal pending a decision on his petition for review.  (ECF No. 14 at 6 (citing Prieto-Romero v. Clark, 534 F.3d 1053, 1057-59 (9th Cir. 2008) ("§ 1231(a) does not provide authority to detain [a noncitizen] whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review.").)  Moreover, the district judge found that petitioner raised serious questions regarding the merits because respondents' basis for detaining petitioner does not apply and their interest in detaining him is low, and, if petitioner is a United States citizen, the government has no authority under the Immigration and Nationality Act to detain him.  Further, the district judge found that the balance of equities and public interest tip sharply in plaintiff's favor because the public has a clear interest in making sure the government does not unlawfully detain United States citizens, petitioner is married, has a 12 year old son and serves as a deacon in his church, and "respondents' argument that petitioner poses a danger to society rings hollow when Immigration and Customs Enforcement waited six months to detain him after they believed they had authority to do so."  (Id. at 7.)  The district judge issued a preliminary injunction enjoining and restraining respondents from re-arresting or re-detaining

3

petitioner pending a determination on his citizenship claim and until his removability is fully adjudicated, and referred this action to the assigned magistrate judge for further proceedings. (Id.)

On February 26, 2026, in response to this Court's order requiring a joint status report, the parties agreed that no additional briefing is needed on the merits of the underlying petition, and noted that petitioner's immigration case is to be heard by the Ninth Circuit on April 22, 2026. (ECF No. 16 at 1.) The Court provided the parties with an opportunity to submit additional briefing to decide the merits of the underlying petition, but the parties opted not to file additional briefing. (ECF Nos. 15, 16.) Briefing is closed.

Where the record before the district court has not changed since the district court's order granting the motion for a temporary restraining order and order issuing a preliminary injunction, this Court recommends that the petition for writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment due process rights by re-detaining him and continuing to detain him without a hearing. See Mukasey, 548 F.3d at 712; Salerno, 481 U.S. at 755; Prieto-Clark, 534 F.3d at 1057-59. As the district court explained, detaining petitioner pursuant to 8 U.S.C. § 1231(a) is unlawful because petitioner's removal order has been stayed by the Ninth Circuit. (See ECF No. 14 at 6.) This Court further recommends that a permanent injunction be issued on the same terms as the preliminary injunction.

## III.     CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus be GRANTED.

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining petitioner Enrique M. S. (A-077-763-930) pending a determination on his citizenship claim and until his removability has been fully adjudicated.

3. The Clerk of Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with

the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within **seven** days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 17, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/M.S. 1811.157.2241.imm

5